IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**SCOTT SONDA** and **BRIAN CORWIN**,

    Plaintiffs,

v.              Civil Action No. 5:22-CV-124
                    Judge Bailey

**JAMES C. JUSTICE, II,** Governor
of the State of West Virginia,

    Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Presently pending before this Court is defendant's Motion to Dismiss [Doc. 9] and accompanying Memorandum in Support of Defendant's Motion to Dismiss [Doc. 10], filed August 8, 2022. On August 18, 2022, plaintiffs filed Plaintiffs' Response to Defendant's Motion to Dismiss [Doc. 12]. Defendant then filed Defendant's Reply in Support of Motion to Dismiss [Doc. 13] on August 25, 2022. Accordingly, this matter is ripe for adjudication. For the reasons set forth below, the defendant's Motion to Dismiss will be granted.

## BACKGROUND

Plaintiffs filed their Introductory Statement [Doc. 1] on May 13, 2022. Plaintiffs own property in West Virginia, and claim that SB964, which was signed by Governor Justice on March 30, 2022, and became effective on June 7, 2022, violates their rights. See [Doc. 1]. In their complaint, plaintiffs assert five (5) counts. Count I alleges that SB694 violates plaintiffs' rights under the "U.S. Constitution's Fifth Amendment protection against the taking of private property without just compensation." [Id. at 6–8]. Count II asserts that

SB694 violates plaintiffs' rights under "the U.S. Constitution's Fifth and Fourteenth Amendment protections against the State depriving any person of property without due process of law." [Id. at 8–10]. In Count III, plaintiffs claim SB694 violates plaintiffs' rights under the "West Virginia Constitution's Article 3, Section 9 and 10 provisions regarding the taking of private property." [Id. at 10–14]. Count IV alleges that SB694 violates the "U.S. Constitution's Article I, Section 9 Provision Against Passing Ex Post Facto Law." [Id. at 14–16]. Count V contends that SB694 violates "U.S. Anti-trust laws." [Id. at 16–19].

For relief, plaintiffs seek to "preliminarily and permanently enjoin [...] SB694 from becoming effective as scheduled on June 7, 2022; or, in the alternative, preliminarily and permanently enjoin [...] defendant, its officials, agents, employees, assigns, and all persons acting in concert or participating with defendant from enforcing SB694"; "waive the requirement for the posting of a bond as security for entry of temporary or preliminary injunctive relief"; and "award plaintiffs costs, expenses, reasonable attorneys' fees and any other relief this Honorable Court deems necessary." [Id. at 20].

On August 8, 2022, defendant filed a Motion to Dismiss [Doc. 9], arguing that plaintiffs' claims should be dismissed for two reasons: (1) the Governor enjoys sovereign immunity under the Eleventh Amendment and (2) plaintiffs lack standing to prosecute their claims. [Doc. 9].

In response, plaintiffs allege that " the plain language of the Eleventh Amendment in-and-of itself does not appear to apply to their case considering plaintiffs herein are not citizens of another State, but rather the state in question." [Doc. 12 at 1]. Plaintiffs also suggest that, at the time they filed their lawsuit, if they could not name the Governor as

2

a party, they would not have been able to name a party.[1] [Doc. 12 at 2–3]. Further, plaintiffs argue they have standing because SB694 has caused direct harm to them. [Id. at 3–4].

Again, in his reply, defendant argues that he enjoys sovereign immunity because he has no power to enforce the challenged law and that plaintiffs failed to satisfy the three requirements for Article III standing. [Doc. 13].

## STANDARDS OF REVIEW

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 570 (2007); see also **Giarratano v. Johnson**, 521 F.3d 298, 302 (4th Cir. 2008) (applying the **Twombly** standard and emphasizing the necessity of *plausibility*). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. **Edwards v. City of Goldsboro**, 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. **Anheuser-Busch, Inc. v. Schmoke**, 63 F.3d 1305, 1312 (4th Cir. 1995). In **Twombly**, the Supreme Court, noting

---

[1] Further, in their response, plaintiffs request leave to join the Oil and Gas Commission. [Doc. 12 at 5]. However, as the defendant points out in his reply, responsive briefing is not the proper procedural vehicle for amending a pleading. See **ACA Fin. Guar. Corp. v. City of Buena Vista**, 917 F.3d 206 (4th Cir. 2019).

that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *Id*. at 1964–65, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." *Id*. at 1974.

"[M]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." ***Williams v. Branker***, 462 F. App'x 348, 352 (4th Cir. 2012). "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." ***Witthohn v. Fed. Ins. Co.***, 164 F. App'x 395, 396 (4th Cir. 2006). However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint. *Id*. at 396–97.

"A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances. ***Rogers*** [***v. Jefferson-Pilot Life Ins. Co.***], 883 F.2d [324, 325 (4th Cir. 1989)]. A dismissal under Rule 12(b)(6) is granted only in cases in which the allegations raised in the complaint clearly demonstrate that plaintiff does not have a claim and that no set of facts would support plaintiff's claim. 5A C. Wright & A. Miller, *Federal Practice and Procedure: Civil* 2d § 1357 (1990)." ***Booth v. Old Nat'l Bank***, 900 F.Supp. 836, 840 (N.D. W.Va. 1995) (Stamp, C.J.). Moreover, when the issue of whether a complaint states a claim upon which relief may be granted depends upon the development of facts, the jurisprudence of Rule 12(b)(6) requires postponement of any final determination of the issue. ***Teachers' Retirement System of LA v. Hunter***, 477

4

F.3d 162, 170 (4th Cir. 2007).

## DISCUSSION

This Court agrees with defendant that plaintiffs' claims should be dismissed because: (1) the Governor enjoys sovereign immunity under the Eleventh Amendment and (2) the plaintiffs lack standing to prosecute their claims against the Governor. This Court will first address Article III standing and then Eleventh Amendment immunity.

### I. Article III Standing

To establish Article III standing, plaintiffs must plausibly allege that they have: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." ***Spokeo, Inc. v. Robins***, 578 U.S. 330, 338 (2016). Plaintiffs, as the parties invoking federal jurisdiction, bear the burden of establishing these elements. ***Lujan v. Defenders of Wildlife***, 504 U.S. 555, 561 (1992).

Even viewing the complaint in the light most favorable to plaintiffs for the purposes of deciding the defendant's Motion to Dismiss, plaintiffs have failed to satisfy either of the three requirements for Article III standing.

#### A. Injury-in-fact

To establish injury-in-fact, plaintiffs must show that they suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." ***Spokeo***, 578 U.S. at 339 (cleaned up). While "imminence is concededly a somewhat elastic concept," a "threatened injury must be certainly impending to constitute injury in fact," and "allegations of possible future injury

are not sufficient." ***Clapper v. Amnesty Int'l USA***, 568 U.S. 398, 409 (2013) (cleaned up). "An allegation of future injury may suffice if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur." ***Susan B. Anthony List v. Driehaus***, 573 U.S. 149, 158 (2014) (cleaned up).

In the present case, plaintiffs, landowners in West Virginia, contend that SB694 causes them direct harm. [Doc. 12 at 3–4]. Even when considering the allegations in the light most favorable to plaintiffs, they have not provided enough facts to state a claim to relief that is plausible on its face. Plaintiffs do not allege that the Commission has unitized their mineral tracts into a horizontal well or even that an operator has applied to unitize their mineral tracts pursuant to SB694.[2] As such, plaintiffs have not identified any actual injury sustained as a result of SB694 or any impending injury sufficient to confer standing. Absent allegations of concrete and particularized injury–or, at a minimum, allegations of an impending injury or substantial risk of harm–plaintiffs' claims must be dismissed for lack of Article III standing.

**B. Injury is not fairly traceable to the challenged conduct of the defendant**

Even if plaintiffs have suffered an injury, they have failed to plausibly allege that their injury is fairly traceable to the Governor.

To establish standing, "a plaintiff who challenges a statute must demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement." ***Disability Rts. S.C. v. McMaster***, 24 F.4th 893, 901 (4th Cir. 2022).

---

[2] The first time plaintiffs mentioned they owned unitized mineral interests was in their response. *See* [Doc. 12 at 3]. Plaintiffs did not raise this anywhere in their complaint.

6

"When a defendant has no role in enforcing the law at issue, it follows that the plaintiff's injury allegedly caused by that law is not traceable to the defendant." *Id.*

Here, the defendant argues that the plaintiffs injuries are not fairly traceable to the Governor because the Governor has "no power to enforce the challenged law." [Doc. 13 at 5]. The plaintiffs' response makes no attempt to explain how their injuries are fairly traceable to the Governor. See [Doc. 12]. Accordingly, plaintiffs have failed to plausibly allege facts sufficient to establish traceability–the second element required for Article III standing.

### C. Redressability

Lastly, plaintiffs failed to allege that their injury, if any, would be redressed by a favorable ruling against the Governor. As with traceability, the plaintiffs' response is completely silent as to redressability—the third required element to prove standing. As such, plaintiffs' supposed injury cannot be redressed through the Governor.

### II. Eleventh Amendment Immunity

Here, even if plaintiffs had standing to bring a claim against the defendant, their claims fails under the Eleventh Amendment.

In general, states may not be haled into federal court without their consent. ***Frew ex rel. Frew v. Hawkins***, 540 U.S. 431, 437 (2004) (providing that the Eleventh Amendment generally shields states from lawsuits brought by individuals against the state without its consent). A state official sued in his official capacity enjoys the same sovereign immunity accorded to the state. ***Doyle v. Hogan***, 1 F.4th 249, 254 (4th Cir. 2021) ("the

officer is merely a representative of the State who cannot be sued because allowing such a suit would essentially make the State a party") (cleaned up).

Eleventh Amendment immunity, however is not absolute. Under the so-called *Ex parte Young* exception, federal courts may issue prospective injunctive relief against state officers to prevent ongoing violations of federal law. See *McBurney v. Cuccinelli*, F.3d 393, 399 (4th Cir. 2010) (citing *Ex Parte Young*, 209 U.S. 123, 149–50 (1908)). That said, *Ex parte Young* only authorizes suits against state officer with "some connection with the enforcement of the act." *Doyle*, 1 F.4th at 245. As the United States Court of Appeals for the Fourth Circuit put it, "the officer sued must be able to enforce, if he chooses, the specific law the plaintiff challenges." *Id.* at 255. This requirement limits plaintiffs to suing only those officers with the legal ability to remedy the alleged constitutional violation. *Goldman v. Northam*, 566 F. Supp. 3d 490, 504 (E.D. Va. 2021) (Novak J.). Without specific authority to enforce the challenged law, the state officer is cloaked with Eleventh Amendment immunity. See *id.* Relevant here, a governor's general authority to enforce a state law is insufficient. See *Doyle*, 1 F.4th at 255 (providing that a governor's constitutional authority to generally enforce state law is insufficient to overcome Eleventh Amendment immunity); *Waste Mgmt Holdings, Inc. v. Gilmore*, 252 F.3d 316, 331 (4th Cir. 2001) (same); *Disability Rts. S.C. v. McMaster*, 24 F.4th 893, 901 (4th Cir. 2022) (same, albeit through prism of Article III standing analysis).

Here, defendant argues that the plaintiffs have "failed to identify any provision of SB694—or broader statutory scheme—that confers upon the Governor any enforcement

authority." [Doc. 10 at 7]. The complaint identifies only a general duty to "take care that the laws be faithfully executed." See [Doc. 1]. This was the exact type of general authority that the Fourth Circuit rejected as insufficient in **Waste Management**, again in **Doyle**, and finally in **Disability Rights**. Because plaintiffs have failed to identify a sufficient relation between the Governor and SB694–aside from his constitutional authority to enforce state law, generally–the Governor is entitled to Eleventh Amendment Immunity.

Further, in their response, plaintiffs unsuccessfully attempt to suggest that the Governor has the power to enforce SB694 insofar as he appoints five or seven members of the Commission. See [Doc. 12 at 2]. However, this appointment power alone is insufficient to strip the Governor of Eleventh Amendment immunity. Numerous courts have concluded that providing the power to make appointments to the entity that acted unconstitutionally is insufficient to exclude a state official from Eleventh Amendment immunity. See **N. Carolina State Conf. of NAACP v. Cooper**, 397 F.Supp.3d 786, 802 (M.D. N.C. 2019) (Biggs J.); **Kelly v. Burks**, 414 F.Supp.3d 681, 686 (E.D.Ky. 2006); **Kuck v. Danaher**, 822 F. Supp. 2d 109, 142 (D. Conn. 2011); **Peter v. Sanford**, 2010 WL 5684397, at *3–4 (D.S.C. Dec. 6, 2010) (Hendricks, M.J.) (Report and Recommendation Adopted); **LensCrafters, Inc. v. Sundquist**, 184 F.Supp.2d 1186, 1189 (N.D. Okla. 2008); **Sweat v. Hull**, 200 F.Supp.2d 1162, 1175–76 (D. Ariz. 2001). Therefore, the Governor's appointment power has no bearing on the Eleventh Amendment's application.

Additionally, plaintiffs argue that the Eleventh Amendment does not apply because the plaintiffs are West Virginia citizens, not citizens of another state. [Doc. 12 at 1]. However, plaintiffs' interpretation of the Eleventh Amendment is plainly at odds with

controlling precedent as courts have found that the Eleventh Amendment applies to citizens suing their own state. See **Bd. Or Trustees of Univ. Of Alabama v. Garrett**, 531 U.S. 356, 363 (2001) ("Although by its terms the Amendment applies only to suits against a State by citizens of another State, our cases have extended the Amendment's applicability to suits by citizens against their own States"); **Kimel v. Florida Bd. Of Regents**, 528 U.S. 62, 72–73 (2000); **Kitchen v. Upshaw**, 286 F.3d 179, n.2 (4th Cir. 2002). Thus, plaintiffs' citizenship has no bearing on the Eleventh Amendment's application.

Accordingly, defendant enjoys Eleventh Amendment Immunity.

## CONCLUSION

For the reasons contained herein, defendant's Motion to Dismiss [**Doc. 9**] is **GRANTED**. This Court hereby **DISMISSES WITHOUT PREJUDICE** plaintiffs' Introductory Statement [**Doc. 1**] and the above-styled case is **STRICKEN** from the active docket of this Court. Furthermore, this Court is granting plaintiffs leave to amend their complaint. The Amended Complaint should be filed on or before **September 20, 2022**. The Clerk is **DIRECTED** to enter judgment in favor of the defendant.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

DATED: September _7_, 2022.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE

10