IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

SCOTT SONDA and
BRIAN CORWIN

    *Plaintiffs,*

  VS.                                                 CIVIL ACTION NO 5:22-cv-124

WEST VIRGINIA OIL & GAS
CONSERVATION COMMISSION, et al.

    *Defendant.*

**<u>MEMORANDUM IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANT OIL
& GAS CONSERVATION COMMISION'S MOTION TO DISMISS</u>**

**<u>INTRODUCTION</u>**

        Plaintiffs assert that, in each Defendants' Memo in Support of Motion to Dismiss, the Operative Facts section and its accompanying subsections misstate the nature of the language contained in SB 694 (now law) with respect to the broader statutory scheme as well as the charge to the Oil & Gas Conservation Commission with respect to its power to act or lack thereof.

        For instance, in an apparent attempt to justify the creation of the statute itself, in its Memorandum *(Document 23, Page 4)* Defendant states "For example, under preexisting law, the owner of a 1-acre mineral tract could thwart development of a 640-acre unit notwithstanding consent from the owners of the remaining 639 mineral acres." The Memo goes on to say that producing states, including West Virginia, enacted compulsory unitization law. However, the hold out of a 1-acre tract would not prevent production of units from occurring. Attached as **Exhibit A** to this Memorandum is a copy of the Ruth Keller Unit located in Union District, Marshall County, West Virginia.  Within outer edge boundaries of the unit are a number of

parcels, but specifically Map/Parcel 10A/0005 0000 1300, which at the time of the of the formation of the Unit in question was not leased. Despite not being leased, the Unit in question was formed and a black line was drawn around the boundaries of the roughly one-acre parcel so as to "exclude" it from the Unit and production commenced, nevertheless.

Furthermore, in its Memorandum *(Document 23, Page 5)* Defendant states "In executing its powers, the Commission determines what constitutes a good faith offer…" However, the statute in question does not state as such. Plaintiff directly references this in its Amended complaint (*Document 16, Page 8 lines 25 through 30*) and hereby incorporates that argument in this Memorandum by reference herein.

## ELEVENTH AMENDMENT IMMUNITY

The Eleventh Amendment states "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of *another* State, or by Citizens or Subjects of any Foreign State." [emphasis added] The plain language of the Eleventh Amendment in-and-of-itself does not appear to apply to this case considering the Plaintiffs herein are not citizens of another State (nor a foreign state), but rather the state in question. Despite the plain meaning of the language contained in the Eleventh Amendment, the Supreme Court has expanded the authority of the Eleventh Amendment to include suits by citizens of a state suing their "home state". Given that, the U.S. Supreme Court has enumerated three exceptions: two of which do not apply herein, but a third exception does apply, and it states "the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law." *Lee-Thomas v. Prince George's Cnty. Pub. Sch.,* 25 A.D. Cases 1193, 666 F.3d 244 (4th Cir. 2012) quoting *Frew ex rel. Frew v. Hawkins,* 540 U.S. 431, 437 (2004) which further states, "To ensure the enforcement of federal law, however, the

Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violate of federal law. "*Ex parte Young*, 209 U. S. 123 (1908)" *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 436 (2004). This standard allows courts to order prospective relief, see *Edelman* v. *Jordan*, 415 U. S. 651 (1974); *Milliken* v. *Bradley*, 433 U. S. 267 (1977), as well as measures ancillary to appropriate prospective relief, *Green* v. *Mansour*, 474 U.S. 64, 71-73 (1985)." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004). This is directly applicable to the case at-bar, which seeks injunctive relief for violation of the U.S. Constitution, *inter alia.* Therefore, this matter should not be dismissed based on Eleventh Amendment Immunity.

## ARTICLE III STANDING

Defendant asserts that Plaintiffs do not have Article III standing because they have failed to establish that they have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins,* 578 U.S. 30, 338 (2016). However, the Plaintiffs own Oil and Gas interest in Units including, but not limited to, the Sam Jones South Unit, Larry Ball North Unit, and Thelma Hays North Unit. As stated in lines 59 and 60 of Plaintiffs' Complaint, the former law allowed Plaintiffs a remedy to not receiving their just and equitable share of production "as to each person, an amount of oil or gas or both substantially equal to the amount of recoverable oil and gas in that part of a *pool* underlying the person's tract or tracts" [emphasis added]. SB 694 changes pertinent language from just and equitable share of production based on the pool alone to "…part of a pool, unit, or unconventional reservoir." At the time when Plaintiffs' filing was made, this change was imminent and going to cause harm to Plaintiffs unless SB 694 was enjoined from going into effect. So as to avoid unnecessary repetition, please see lines 54 through 65 of Plaintiffs' Amended Complaint filing (*Document 16, Pages 15 and 16*) for elaboration on this matter, said

portion is incorporated by reference as if fully stated herein. At this stage, SB 694 has gone into effect, which limits Plaintiffs' recourse in matters regarding payment for Oil and Gas interest, causing their payments for oil and gas to be artificially diluted without proper recourse as the former law allowed, causing direct harm to Plaintiffs consistent with the rule set out in *Spokeo, Inc. v. Robins*. Id.

In addition to the reiterated points above, Defendants again misstate the language of SB 694 in analyzing whether Plaintiffs have standing to bring this matter. SB 694 changed the definition of what an individual is to receive. In this instance, the language "just and equitable share of the pool or unit" leaves Plaintiffs without any recourse if they are not receiving their just and equitable share of the pool so long as it is determined the Plaintiffs are receiving their just and equitable share of the unit. This change results in the unlawful taking of property as described in Plaintiffs Amended Complaint.

## **PLAINTIFF'S ANTITRUST CLAIM**

Defendant argues that Count V of the Amended Complaint should be dismissed because the State Action Doctrine bars this complaint. However, "Federal law may preempt state law in three ways, denominated as express preemption, field preemption, and conflict preemption. *H & R Block Eastern Enterprises, Inc. v. Raskin*, 591 F.3d 718 (4th Cir. 2010) quoting *College Loan Corp. v. SLM Corp.,* 396 F.3d 588, 595-96 (4th Cir.2005)." The 4th Circuit Court goes on to state, "Assessing a conflict preemption claim requires a two-step process of first ascertaining the construction of the two statutes and then determining the constitutional question [of] whether they are in conflict." [*H & R Block Eastern Enterprises, Inc. v. Raskin*, 591 F.3d 718 (4th Cir. 2010) quoting *Chi. & N.W. Transp. Co. v. Kalo Brick & Tile Co.*, 450 U.S. 311, 317, 101 S.Ct. 1124, 67 L.Ed.2d 258 (1981)]. In making this determination, a court 'should not seek out conflicts ... where

none clearly exists.' [*H & R Block Eastern Enterprises, Inc. v. Raskin,* 591 F.3d 718 (4th Cir. 2010) quoting *College Loan Corp.,* 396 F.3d at 598.] "Rather, the state statute must clearly 'stand[] as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *H & R Block Eastern Enterprises, Inc. v. Raskin*, 591 F.3d 718 (4th Cir. 2010) quoting *Chi. & N.W. Transp. Co.,* 450 U.S. at 317, 101 S.Ct. 1124.] "Thus, it is settled that a federal court, before ruling that a federal law preempts a state statute, must determine that the state statute [reference omitted] stands as an obstacle to the objectives of the federal law [reference omitted]. [*H & R Block Eastern Enterprises, Inc. v. Raskin*, 591 F.3d 718 (4th Cir. 2010) quoting *United States v. Onslow County Bd. of Educ.*, 728 F.2d 628, 635 (4th Cir.1984).] In the case at-bar, the aforementioned analysis would be appropriately applied to the language quoted in Plaintiffs' Amended Complaint, specifically in Document 16, Pages 18 and 19, Line 72. Any reasonable application of the "conflict exemption" rule results in a conclusion that SB 694 (now state law) does indeed "…stand[] as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *H & R Block Eastern Enterprises, Inc. v. Raskin,* 591 F.3d 718 (4th Cir. 2010).

## **EX POST FACTO LAW**

In its motion, Defendant quotes *Collins v Youngblood* (497 U.S. 37, 41 [1990]) to establish its position that the federal *ex post facto clause* only applies to statutes imposing criminal penalties (*Document 23, Page 11, Paragraph 2*). However, a closer reading of the text quoted by Defendant from the aforementioned case clearly shows that the purpose of the language was to emphasize that the statute in question had to disadvantage the offender affected by them, i.e. a statute in question had to indeed impact the specific offender making the claim, *not* that the Constitution's prohibition of ex post facto law applies *only* to *penal* statutes. In fact *Collins*, the

case cited by defendant, is silent on the application of the ex post facto provisions on non-penal statutes.

## TAKING OF PLAINTIFFS PROPERTY

In its Memorandum in Support of Motion to Dismiss (*Document 23, page 10*) Defendant asserts "In short, there has been no taking in the first place that is necessary to trigger claim for compensation." However, in Plaintiffs' Amended Complaint (*Document 16, Page 21, lines 88 through 94*) illustrates exactly the kind of taking that Defendant asserts has not been alleged; in that it demonstrates Oil and/or Gas being drained from beyond unit boundaries, but purported to be taking from within unit boundaries, that is owned by Plaintiff Sonda. This is further illustrated by Amended Complaint Exhibit D, which provides a visual representation of things taking. In the interest of brevity, the remainder of the assertions of a taking can be found in the Amended Complaint under the subheading "Article III" (*Document 16, page 20*) which is incorporated herein by reference.

## VIOLATION OF PLAINTIFFS' FOURTEENTH AMENDMENT DUE PROCESS

Defendants assert that Plaintiffs have not been deprived of life, liberty, or property in violation of the Fourteenth Amendment. Defendant quotes the 4th Circuit's opinion in *Equity in Athletics, Inc. v. Department of Education,* 639 F.3d 91, 109 (4th Cir.2011) by stating "A protected property interest cannot be created by the Fourteenth Amendment itself, but rather must be created or defined by an independent source." Defendant goes on to quote *Mallette v. Arlington Cnty. Emps.' Supplemental Ret. Sys. II*, 91 F.3d 630, 634 (4th Cir.1996), by stating "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." (*Document 23, pages 10 and 11*). In the case at-bar, Plaintiffs hold fee simple

interest in the property in question, specifically denoted in the Amended Complaint and illustrated with accompanying Exhibits. Defendant does not state how this does not constitute a property right, but simply states it does not. Such a statement defies the logic of over two centuries of real property jurisprudence in the United States as well as the English Common Law upon which it is based.

## **CONCLUSION**

**WHEREFORE**, Plaintiffs respectfully request this Honorable Court DENY Defendant's Motion to Dismiss; and further allow this case to proceed to be decided on the merits.

**Respectfully Submitted,**
Scott Sonda and Brian Corwin

By:

 /s/ J. Anthony Edmond Jr.
Michael B. Baum, Esq. (WVSB #12310)
J. Anthony Edmond Jr. Esq. (WVSB #14162)
EDMOND & BAUM, PLLC
1300 Market Street, Suite 102
Wheeling, WV 26003
P: 304.810.3201
F: 304.212.0473
attorneys@edmondbaumpllc.com
*Counsel for the Plaintiffs*

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
**WHEELING DIVISION**

**SCOTT SONDA and**
**BRIAN CORWIN**

    *Plaintiffs,*

    VS.                                         CIVIL ACTION NO 5:22-cv-124

**WEST VIRGINIA OIL & GAS**
**CONSERVATION COMMISSION, et al.**

    *Defendant.*

**CERTIFICATE OF SERVICE**

    I, J. Anthony Edmond Jr., do hereby certify that on this <u>16th</u> day of <u>November</u>, 20<u> 22 </u>, I electronically filed a true and exact copy of the forgoing with the Clerk of Court and all parties using the CM/ECF System.

                                                           */s/ J. Anthony Edmond Jr.*
                                                           J. Anthony Edmond, Jr., Esq.