IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

**SCOTT SONDA and**
**BRIAN CORWIN**

    *Plaintiffs,*

    VS.                                    CIVIL ACTION NO 5:22-cv-124

**WEST VIRGINIA OIL & GAS**
**CONSERVATION COMMISSION, et al.**

    *Defendant.*

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANT WEST VIRGINIA ATTORNEY GENERAL'S MOTION TO DISMISS

### INTRODUCTION

Plaintiffs assert that, in each Defendant West Virginia Attorney General's Memorandum in Support of Motion to Dismiss, the Operative Facts section and its accompanying subsections misstate the nature of the language contained in SB 694 (now law) with respect to the broader statutory scheme as well as the charge to the Oil & Gas Conservation Commission with respect to its power to act or lack thereof.

For instance, in an apparent attempt to justify the creation of the statute itself, in its Memorandum *(Document 21, Page 4)* Defendant states "For example, under preexisting law, the owner of a 1-acre mineral tract could thwart development of a 640-acre unit notwithstanding consent from the owners of the remaining 639 mineral acres." The Memo goes on to state that producing states, including West Virginia, enacted compulsory unitization law. However, the hold out of a 1-acre tract would not prevent production of units from occurring. Attached as **Exhibit A** to this Memorandum is a copy of the Ruth Keller Unit located in Union District,

Marshall County, West Virginia. Within outer edge boundaries of the unit are a number of parcels, but specifically Map/Parcel 10A/0005 0000 1300, which at the time of the of the formation of the Unit in question was not leased. Despite not being leased, the Unit in question was formed and a black line was drawn around the boundaries of the roughly one-acre parcel so as to "exclude" it from the Unit and production commenced, nevertheless.

Furthermore, in its Memorandum *(Document 21, Page 5)* Defendant states "In executing its powers, the Commission determines what constitutes a good faith offer…" However, the statute in question does not state as such. Plaintiff directly references this in its Amended complaint *(Document 16, Page 8 lines 25 through 30)* and hereby incorporates that argument in this Memorandum by reference herein.

## ELEVENTH AMENDMENT IMMUNITY

The Eleventh Amendment states "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of *another* State, or by Citizens or Subjects of any Foreign State." [emphasis added] The plain language of the Eleventh Amendment in-and-of-itself does not appear to apply to this case considering the Plaintiffs herein are not citizens of another State (nor a foreign state), but rather the state in question. Despite the plain meaning of the language contained in the Eleventh Amendment, the Supreme Court has expanded the authority of the Eleventh Amendment to include suits by citizens of a state suing their "home state". Given that, the U.S. Supreme Court has enumerated three exceptions: two of which do not apply herein, but a third exception does apply, and it states, "the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law." *Lee-Thomas v. Prince George's Cnty. Pub. Sch.,* 25 A.D. Cases 1193, 666 F.3d 244 (4th Cir. 2012) quoting *Frew ex rel. Frew v. Hawkins,*

540 U.S. 431, 437 (2004) which further states, "To ensure the enforcement of federal law, however, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violate of federal law. "*Ex parte Young*, 209 U. S. 123 (1908)" *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 436 (2004). This standard allows courts to order prospective relief, see *Edelman* v. *Jordan*, 415 U. S. 651 (1974); *Milliken* v. *Bradley*, 433 U. S. 267 (1977), as well as measures ancillary to appropriate prospective relief, *Green* v. *Mansour*, 474 U.S. 64, 71-73 (1985)." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004). This is directly applicable to the case at-bar, which seeks injunctive relief for violation of the U.S. Constitution, *inter alia.*

Furthermore, Defendant asserts that the Attorney General is included in this suit based on a mistaken reading of Rule 5.1 of the Federal Rules of Civil Procedure *(Document 21, page 8)*. The rule in question provides no prohibition against naming the State Attorney General, but rather sets minimum standards for notice requirements, intervention by the State Attorney General, and disposition of the case relative to notice requirements. Further, naming the State Attorney General in the matter avoids undue delay by eliminating the waiting period of 60-days the State Attorney General is provided to decide whether to intervene in a matter.

Therefore, this matter should not be dismissed based on Eleventh Amendment Immunity.

## ARTICLE III STANDING

Defendant asserts that Plaintiffs do not have Article III standing because they have failed to establish that they have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins,* 578 U.S. 30, 338 (2016). However, the Plaintiffs own Oil and Gas interest in Units including, but not limited to, the Sam Jones South Unit, Larry Ball North Unit, and Thelma Hays North Unit. As stated in lines 59 and 60 of Plaintiffs' Amended Complaint,

the former law allowed Plaintiffs a remedy to not receiving their just and equitable share of production "as to each person, an amount of oil or gas or both substantially equal to the amount of recoverable oil and gas in that part of a *pool* underlying the person's tract or tracts" [emphasis added]. SB 694 changes pertinent language from just and equitable share of production based on the pool alone to "…part of a pool, unit, or unconventional reservoir." At the time when Plaintiffs' filing was made, this change was imminent and going to cause harm to Plaintiffs unless SB 694 was enjoined from going into effect. So as to avoid unnecessary repetition, please see lines 54 through 65 of Plaintiffs' Amended Complaint filing (*Document 16, Pages 15 and 16*) for elaboration on this matter, said portion is incorporated by reference as if fully stated herein. At this stage, SB 694 has gone into effect, which limits Plaintiffs' recourse in matters regarding payment for Oil and Gas interest, causing their payments for oil and gas to be artificially diluted without proper recourse as the former law allowed, causing direct harm to Plaintiffs consistent with the rule set out in *Spokeo, Inc. v. Robins*. Id.

In addition to the reiterated points above, Defendants again misstate the language of SB 694 in analyzing whether Plaintiffs have standing to bring this matter. SB 694 changed the definition of what an individual is to receive. In this instance, the language "just and equitable share of the pool or unit" no leaves Plaintiffs without any recourse if they are not receiving their just and equitable share of the pool so long as it is determined the Plaintiffs are receiving their just and equitable share of the unit. This change results in the unlawful taking of property as described in Plaintiffs Amended Complaint.

## CONCLUSION

**WHEREFORE**, Plaintiffs respectfully request this Honorable Court DENY Defendant's Motion to Dismiss and further allow this case to be determined on the merits.

**Respectfully Submitted,**
Scott Sonda and Brian Corwin

By:

*/s/ J. Anthony Edmond Jr.*
Michael B. Baum, Esq. (WVSB #12310)
J. Anthony Edmond Jr. Esq. (WVSB #14162)
EDMOND & BAUM, PLLC
1300 Market Street, Suite 102
Wheeling, WV 26003
P: 304.810.3201
F: 304.212.0473
attorneys@edmondbaumpllc.com
*Counsel for the Plaintiffs*

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

SCOTT SONDA and
BRIAN CORWIN

    *Plaintiffs,*

  VS.                                     CIVIL ACTION NO 5:22-cv-124

WEST VIRGINIA OIL & GAS
CONSERVATION COMMISSION, et al.

    *Defendant.*

## CERTIFICATE OF SERVICE

I, J. Anthony Edmond Jr., do hereby certify that on this 16th day of November, 20 22, I electronically filed a true and exact copy of the forgoing with the Clerk of Court and all parties using the CM/ECF System.

                                                      */s/ J. Anthony Edmond Jr.*
                                                       J. Anthony Edmond, Jr., Esq.