IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**SCOTT SONDA** and **BRIAN CORWIN**,

        Plaintiffs,

v.                                             Civil Action No. 5:22-CV-124
                                                    Judge Bailey

**WEST VIRGINIA OIL & GAS CONSERVATION
COMMISSION, RANDALL M. ALBERT, ROBERT
S. RADABAUGH. MICHAEL McCOWN, P.E.,
JAMES A. MARTIN** and **HAROLD WARD**, in their
capacities as members of the West Virginia Oil &
Gas Conservation Commission and **PATRICK
MORRISEY**, in his capacity as Attorney General
of the State of West Virginia,

        Defendants.

**ORDER GRANTING IN PART AND
<u>DENYING IN PART MOTIONS TO DISMISS</u>**

Pending before this Court are The Attorney General's Motion to Dismiss [Doc.20] and Motion to Dismiss by the West Virginia Oil & Gas Conservation Commission, Randall M. Albert, Robert S. Radabaugh, Michael McCown, James A. Martin, and Harold Ward [Doc. 22]. Both motions have been fully briefed and are ripe for decision.

Both motions raise the issue and contend that the action against all of the defendants is barred by immunity under the Eleventh Amendment to the Constitution of the United States. The United States Supreme Court has enumerated three exceptions to the Eleventh Amendment Immunity. The third exception provides that "the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in

1

violation of federal law." ***Lee-Thomas v. Prince George's Cnty. Pub. Sch.***, 666 F.3d 244, 249 (4th Cir. 2012) (quoting ***Frew ex rel. Frew v. Hawkins***, 540 U.S. 431, 437 (2004)). The Supreme Court further states "To ensure the enforcement of federal law, however, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law. ***Ex parte Young***, [209 U.S. 123 (1908)]. This standard allows courts to order prospective relief, *see* ***Edelman v. Jordan***, 415 U. S. 651 (1974); ***Milliken v. Bradley***, 433 U. S. 267 (1977), as well as measures ancillary to appropriate prospective relief, ***Green v. Mansour***, 474 U.S. 64, 71-73 (1985)." ***Frew***, 540 U.S. at 437.

The Eleventh Amendment does not bar this action against any of the defendants. Next, the Attorney General contends that inasmuch as he has no authority to enforce Senate Bill 694 ("SB694"), he is not a proper defendant in this case. This Court must agree. Accordingly, Attorney General Morrisey will be dismissed from this action.

Count V of the Amended Complaint alleges that SB694 violates federal antitrust laws. However, defendants–each of whom are state officers (sued in their official capacities) or state entities—are categorically exempt from federal antitrust laws under the "state action" doctrine. Under the doctrine, antitrust laws do "not apply to anticompetitive restraints imposed by the States as an act of government." ***W. Star Hosp. Auth. Inc. v. City of Richmond, Virginia***, 986 F.3d 354, 358 (4th Cir. 2021) (quoting ***Parker v. Brown***, 317 U.S. 341, 352 (1943)); ***N. Carolina State Bd. of Dental Examiners v. F.T.C.***, 574 U.S. 494, 504 (2015) (providing that state legislation, considered an exercise of a state's sovereign power, is immune from antitrust scrutiny); ***Diverse Power, Inc. v. City of***

*LaGrange, Ga.*, 934 F.3d 1270, 1273 (11th Cir. 2019) ("The doctrine of state-action immunity insulates states from suit under the federal antitrust laws").

Here, plaintiffs complain that SB694 is anticompetitive and runs afoul of federal antitrust laws. However, given that defendants are state actors carrying out state law, the Commission and the Commissioners are also immune from federal antitrust claims. Count V of the Amended Complaint will be dismissed.

Plaintiff fails to state a claim for relief in Count IV under the federal Ex Post Facto Clause for the simple reason that it applies only to statutes imposing criminal penalties. *See **Collins v. Youngblood***, 497 U.S. 37, 41 (1990) ("[I]t has long been recognized by this Court that the constitutional prohibition on ex post facto laws applies only to penal statutes which disadvantage the offender affected by them.") (citing cases). *See also **Koch v. Vill. of Hartland***, 43 F.4th 747, 748 (7th Cir. 2022) ("A law must be both retroactive and penal to transgress the Ex Post Facto Clause."); ***McGuire v. Marshall***, 50 F.4th 986, 1001 (11th Cir. 2022) ("Because the Ex Post Facto Clause prohibits the retroactive application only of laws imposing punishment, a statutory scheme that is civil and regulatory in nature rather than criminal may apply retroactively without violating the Constitution"); ***United States v. Norwood***, 49 F.4th 189, 214–15 (3d Cir. 2022) ("To establish an Ex Post Facto Clause violation, defendant must show that (1) there was a change in the law or policy that has been given retrospective effect, and (2) the law disadvantaged him by either altering the definition of criminal conduct or increasing the punishment for the crime.") (cleaned up). Accordingly, Count IV must be dismissed.

Counts III and IV, to the extent that Count IV alleges a violation of the West Virginia Constitution, are barred by the Eleventh Amendment. Under the Eleventh Amendment, state law claims against state officials are not cognizable in federal court and must therefore be dismissed. See **Pennhurst State School & Hosp. v. Halderman**, 465 U.S. 89, 117 (1984) (providing that sovereign immunity under the Eleventh Amendment bars federal courts from enjoining violations of state law by state actors); **Bragg v. West Virginia Coal Ass'n**, 248 F.3d 275, 293 (4th Cir. 2001) (providing that sovereign immunity bars a federal court from granting any type of relief, whether retrospective or prospective, based upon a state official's purported violation of state law). Counts III and IV will be dismissed.

The above leaves Counts I and II. It appears to this Court, however, that this might be an appropriate case for this Court to abstain. This Court is aware that abstention represents "an extraordinary and narrow exception to the duty of the District Court to adjudicate a controversy properly before it.'" **Quackenbush v. Allstate Ins. Co.**, 517 U.S. 706, 728 (1996) (quoting **Colorado River Water Conservation Dist. v. United States**, 424 U.S. 800, 813 (1976), in turn quoting **County of Allegheny v. Frank Mashuda Co.**, 360 U.S. 185, 188 (1959)). The issue of abstention may be raised at any time *sua sponte* by the court. Schwarzer, Tashima & Wagstaffe, *Fed. Civil Procedure Before Trial* [2:4390] (2011) (citing **Bellotti v. Baird**, 428 U.S. 132, 143 (1976)).

The facts and law of this case satisfy the criteria initially set forth in **Railroad Comm'n of Texas v. Pullman Co.**, 312 U.S. 496 (1941). In **City of Meridian v. So. Bell Tel. & Tel. Co.**, 358 U.S. 639 (1959), the Supreme Court stated:

> Proper exercise of federal jurisdiction requires that controversies involving unsettled questions of state law be decided in the state tribunals preliminary to a federal court's consideration of the underlying federal constitutional questions. See *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496. That is especially desirable where the questions of state law are enmeshed with federal questions. *Spector Motor Service, Inc. v. McLaughlin*, 323 U.S. 101, 105. Here, the state law problems are delicate ones, the resolution of which is not without substantial difficulty-certainly for a federal court. Cf. *Thompson v. Magnolia Petroleum Co.*, 309 U.S. 478, 483. In such a case, when the state court's interpretation of the statute or evaluation of its validity under the state constitution may obviate any need to consider its validity under the Federal Constitution, the federal court should hold its hand, lest it render a constitutional decision unnecessarily. *Railroad Commission of Texas v. Pullman Co.*, supra; *Spector Motor Service Inc. v. McLaughlin*, supra, 323 U.S. 104-105. See *Leiter Minerals, Inc. v. United States*, 352 U.S. 220, 228-229.

358 U.S. at 640–641.

The courts were faced with a similar situation in *Reetz v. Bozanich*, 397 U.S. 82 (1970). In that case, the Supreme Court held that the lower court should have deferred, under the *Pullman* doctrine, since a state court decision construing the state constitution and regulatory scheme "could conceivably avoid any decision under the Fourteenth

Amendment and would avoid any possible irritant in the federal-state relationship." 397 U.S. at 87.

In *AFA Distributing Co., Inc. v. Pearl Brewing Co.*, 470 F.2d 1210 (4th Cir. 1973), the Fourth Circuit noted that "[i]n the application of the abstention doctrine, 'no principle has found more consistent or clear expression than that the federal courts should not adjudicate the constitutionality of state enactments fairly open to interpretation until the state courts have been afforded a reasonable opportunity to pass upon them.' *Harrison v. NAACP*, 360 U.S. 167, 176 (1959). The well-settled doctrine that a federal court will not anticipate a question of constitutional law and the special weight that doctrine carries in the maintenance of harmonious federal-state relations requires that a district court stay its proceedings until a potentially controlling state-law issue is authoritatively put to rest. *United Gas Pipe Line Co. v. Ideal Cement Co.*, 369 U.S. 134 (1962); *Baggett v. Bullitt*, 377 U.S. 360 (1964); *Louisiana Power & Light Co. v. Thibodaux*, 360 U.S. 25 (1959)."

"*Pullman* abstention requires federal courts to abstain from deciding an unclear area of state law that raises constitutional issues because state court clarification might serve to avoid a federal constitutional ruling. *England* detailed the proper procedure for federal courts to follow in *Pullman* cases: federal courts should retain jurisdiction over the case, but stay the proceedings so that state courts can rule on the state law question. *England* [*v. La. Bd. of Med. Examiners*], 375 U.S. [411,] 416 [(1964)]. If the state court fails to resolve the issue, however, the parties may then return to federal court for a ruling on the constitutional issue." *Nivens v. Gilchrist*, 444 F.3d 237, 245–46 (4th Cir. 2006).

"***Pullman*** abstention serves two primary goals: (1) avoiding constitutional questions when their resolution is unnecessary, and (2) allowing state courts to decide issues of state law. See ***Pullman,*** 312 U.S. at 500." ***Id.*** at 246, fn.6.

In the present case, the West Virginia constitutional provision is not "broad and sweeping," but rather is directly germane to the issues presented in this case.

For the reasons stated above, this Court will abstain from ruling on the issues presented by this case. This action will be stayed so that plaintiffs may present their state law issues to state court. In the event that the state courts do not resolve this case under state law, plaintiffs will be permitted to seek a ruling on the federal issues in this Court.

For the reasons stated above:

1. The Attorney General's Motion to Dismiss [**Doc.20**] and Motion to Dismiss by the West Virginia Oil & Gas Conservation Commission, Randall M. Albert, Robert S. Radabaugh, Michael McCown, James A. Martin, and Harold Ward [**Doc. 22**] are **GRANTED IN PART AND DENIED IN PART**;

2. Attorney General Morrisey is **DISMISSED** from this action;

3. Counts III, IV, and V of the Amended Complaint are **DISMISSED**;

4. This Court abstains from hearing Counts I and II; and

5. This action is hereby **STAYED** so that plaintiffs may present their state law issues to state court. In the event that the state courts do not resolve this case under state law, plaintiffs will be permitted to seek a ruling on the federal issues in this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** December 1, 2022.

                                              JOHN PRESTON BAILEY
                                              UNITED STATES DISTRICT JUDGE