IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**SCOTT SONDA** and **BRIAN CORWIN,**

            Plaintiffs,

v.                                                                      **Civil Action No. 5:22-CV-124**
                                                                         Judge Bailey

**WEST VIRGINIA OIL & GAS CONSERVATION
COMMISSION, RANDALL M. ALBERT, ROBERT
S. RADABAUGH. MICHAEL McCOWN, P.E.,
JAMES A. MARTIN** and **HAROLD WARD**, in their
capacities as members of the West Virginia Oil &
Gas Conservation Commission,

            Defendants.

### ORDER

On January 31, 2024, the United States Court of Appeals for the Fourth Circuit issued a published opinion reversing and remanding this case with instructions. See **Sonda v. W. Va. Oil and Gad Conservation Comm'n**, 92 F.4th 213 (4th Cir. 2024).

The Fourth Circuit Court of Appeals issued a Mandate on February 22, 2024. [Doc. 38]. Following remand, this Court instructed the parties file supplemental briefing on the issue of standing. [Doc. 37]. On February 23, 2024, defendants filed their Supplemental Brief Concerning Plaintiffs' Lack of Standing. [Doc. 39]. In their Supplemental Brief, defendants ask this Court to construe their filing as a renewed motion to dismiss. [Id. at n1]. Accordingly, defendants move this Court to dismiss the Amended Complaint because (1) plaintiffs lack standing, (2) Eleventh Amendment immunity bars all claims against the Commission, and (3) Counts I and II fail to state a claim upon which

relief can be granted. See [Docs. 23, 28 & 39]. Plaintiffs filed their Supplemental Brief Regarding Standing on March 8, 2024. [Doc. 40]. Defendants filed a Reply on March 15, 2024.

## BACKGROUND

This cases arises over West Virginia Senate Bill 694 ("SB 694"), which amended the State's oil and gas conservation law, W.Va Code Ann. §§ 22C-9-1 to 22C-9-16. Specifically, SB 694 added § 22C-9-7a, which authorizes for the first time the "unitization of interests in horizontal well drilling units" even as to nonconsenting mineral rights owners. SB 694 also specifies a method for calculating the compensation to nonconsenting mineral owners and alters the definition of "just and equitable" compensation as contained in the prior law.

Plaintiffs initiated this matter on May 13, 2022, by filing a complaint against West Virginia Governor Jim Justice. On August 8, 2022, Governor Justice filed a Motion to Dismiss, arguing that plaintiffs lacked Article III standing and that he is entitled to Eleventh Amendment immunity. See [Docs. 9 & 10]. After the parties filed briefing, this Court granted Governor Justice's Motion to Dismiss but granted plaintiffs leave to amend their complaint. See [Doc. 14].

Pursuant to this Court's Order, plaintiffs filed an Amended Complaint on September 20, 2022. See [Doc. 16]. The Amended Complaint named the West Virginia Department of Environmental Protection via the West Virginia Oil & Gas Conservation Commission ("the Commission"), Randall Albert, Robert Radabaugh, Michael McCowan P.E., James Martin and Harold Ward, and Attorney General Patrick Morrisey as defendants. See [id.].

In the Amended Complaint, plaintiffs allege that SB 694 violates: (1) their Fifth Amendment right against the taking of property without just compensation (Count I); (2) their Fourteenth Amendment right against a State's deprivation of property without due process (Count II); (3) their rights under the West Virginia Constitution prohibiting the taking of property and the deprivation of property without due process (Count III); (4) their rights under both the U.S. Constitution and the West Virginia Constitution not to be subject to ex post facto laws (Count IV); and (5) their rights under the federal antitrust laws (Count V). [Id.]. Additionally, plaintiffs alleges a number of facts demonstrating how they have standing to bring their claims. [Id. at ¶¶ 81–94]. Plaintiffs assert that they own various oil and gas interests under various properties, some of which are subject to oil and gas leases and others which are not. *See* [id]. They allege that the enactment of SB 694 changes the nature of their ownership interests and, as well, subjects them to oil and gas production of their interests without their consent and with diluted compensation. *See* [Id.]. Plaintiffs also seek declaratory and injunctive relief. [Id. at ¶ 11].

On November 2, 2022, Attorney General Morrisey filed a Motion to Dismiss and the Commission, Randall Albert, Robert Radabaugh, Michael McCowan P.E., James Martin and Harold Ward filed a Motion to Dismiss. *See* [Doc. 20 & 22]. Attorney General Morrisey argued that plaintiffs lacked standing to bring this action and that he is immune under the Eleventh Amendment. See [Docs. 20 & 21]. The Commission and Randall Albert, Robert Radabaugh, Michael McCowan P.E., James Martin and Harold Ward argued that plaintiffs lacked standing to bring this action, the Commission was subject to Eleventh Amendment immunity, and that the amended complaint failed to state a claim upon which relief could be granted. See [Docs. 22 & 23].

On December 1, 2022, this Court issued an Order granting in part and denying in part the two motions to dismiss. More specifically, this Court abstained from ruling on Count I and II of the Amended Complaint, relying on **Railroad Comm'n of Texas v. Pullman Co.**, 312 U.S. 496 (1941), dismissed Counts III, IV, and V of the Amended Complaint and dismissed Attorney General Morrisey from this matter. [Doc. 30 at 2–7]. Accordingly, after this Court's December 1, 2022 Order, the remaining defendants are the Commission, Randall Albert, Robert Radabaugh, Michael McCowan P.E., James Martin and Harold Ward, and only Counts I and II of the Amended Complaint remain.

The Commission, Randall Albert, Robert Radabaugh, Michael McCowan P.E., James Martin and Harold Ward (hereinafter "defendants") appealed this Courts December 1, 2022 Order. See [Doc. 32]. On January 31, 2024, the United States Court of Appeals for the Fourth Circuit ("the Fourth Circuit") issued a published opinion, reversing and remanding this Court's December 1, 2022 Order with instructions. In reaching its decision, the Fourth Circuit found that this Court abused its discretion in abstaining from ruling on Count I and II of the Amended Complaint on the basis that the order did not satisfy the requirements for a **Pullman** abstention order. [Doc. 35 at 10–11]. Moreover, the Fourth Circuit took issue with the December 1, 2022 Order as it did not address defendants' argument that the plaintiffs lacked Article III standing to bring this matter. [Id. at 12–13]. In sum, the Fourth Circuit reversed this Court's Order abstaining from ruling on Counts I and II of the Amended Complaint and directed this Court to address the Commission's standing argument before addressing any other issue before it. See [id.].

4

## LEGAL STANDARD

Article III of the United States Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. To establish Article III standing, a plaintiff must show (1) an injury in fact, (2) a sufficient casual connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision. See **Lujan v. Defenders of Wildlife**, 504 U.S. 555, 560–61 (1992). To establish an injury-in-fact, a plaintiff must "show that he or she suffered 'an invasion of a legally protected interests' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" **Spokeo, Inc. v. Robins**, 578 U.S. 330, 339 (2016) (citing **Lujan**, 504 U.S. at 560). Traceability is established if it is "likely that the injury was caused by the conduct complained of and not by the independent action of some third party not before the court." **Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.**, 204 F.3d 149, 154 (4th Cir. 2000) (citing **Lujan**, 504 U.S. at 561). "The redressability prong entails that it must be likely, and not merely speculative, that a favorable decision will remedy the injury." **Id.** (citing **Lujan**, 504 U.S. at 561).

The party invoking the court's jurisdiction bears the burden of establishing the elements of standing. **Lujan**, 504 U.S. at 561. The party must support each element "with the manner and degree of evidence required at the successive stages of litigation." **Id.** (internal citations omitted). Therefore, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presume that general allegations embrace those specific facts that are necessary to support the claim.'" **Id.** (internal citations omitted).

## DISCUSSION

Defendants contend that the plaintiffs lack Article III standing to bring their claims on the basis that plaintiffs failed to establish the first two standing requirements: (1) injury-in-fact and (2) traceability. See [Docs. 23 & 39]. In response, plaintiffs argue that they have suffered an injury-in-fact. [Docs. 25 at 3–4 & 40 at 2–3]. Plaintiffs' response, however, does not address whether they have satisfied the traceability requirement. See [id.]. This Court finds that plaintiffs lack standing to bring forth their claims.[1]

To establish an injury-in-fact, a plaintiff must "show that he or she suffered 'an invasion of a legally protected interests' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (citing *Lujan*, 504 U.S. at 560). An injury is particularized if it "affect[s] the plaintiff in a personal and individual way," and it is concrete if it is "'defacto'; that is, it must actually exist." *Id.* at 339–40 (internal citations omitted).

Defendants argue that the plaintiffs have failed to establish that they have suffered any actual, concrete, or threatened injury as a result of SB 694. [Doc. 39 at 3]. Namely, plaintiffs have not explained how their interests have been affected by SB 694, such as explaining whether their units were established before or after SB 694 was enacted and whether their units were created voluntarily or involuntarily. [Id. at 4–5]. On the other hand, plaintiffs argue that their interests in certain production units have been impaired by SB 694 as "it limits [their] recourse in matters regarding payment for Oil and Gas interest,

---

[1] Because this Court finds that plaintiffs lack standing to bring their claims, this Court will not address defendants remaining two arguments–that the Eleventh Amendment bars all claims against the Commission and that Count I and II fail to state a claim upon which relief can be granted.

causing their payments for oil and gas to be artificially diluted without proper recourse as the former law allowed, causing direct harm to Plaintiffs." [Doc. 40 at 3].

This Court finds that plaintiffs have failed to establish that they have suffered any actual, concrete injury, or threatened injury as a result of SB 694. Plaintiffs contend that SB 694 limits plaintiffs recourse in matters regarding payment for oil and gas interests, causing their payments for oil and gas to be artificially diluted without proper recourse, causing direct harm to plaintiffs. [Doc. 40 at 3]. However, plaintiffs provide no allegations as to how their interests have been affected by SB 694. Notably, plaintiffs' Amended Complaint contains no allegation that plaintiffs property was unitized after the effectiveness date of June 7, 2022. Nor does the Amended Complaint allege that the plaintiffs were involuntarily placed into a unit. Moreover, plaintiffs do not allege that their royalties were diminished by the enactment of SB 694. Accordingly, plaintiffs have failed to establish that they have suffered any actual, concrete injury, or threatened injury as a result of SB 694. Thus, plaintiffs lack Article III standing.

Even if plaintiffs satisfied the injury-in-fact requirement, plaintiffs failed to satisfy the traceability requirement necessary for standing. Traceability is established if it is "likely that the injury was caused by the conduct complained of and not by the independent action of some third party not before the court." ***Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.***, 204 F.3d 149, 154 (4th Cir. 2000) (citing ***Lujan***, 504 U.S. at 561). A party does not satisfy the traceability requirement when they "can only speculate" about whether a party will pursue a certain action in a specific way. ***Clapper v. Amnesty Int'l USA***, 568 U.S. 398, 413 (2013). "The fairly traceable requirement ensures that there is a

Case 5:22-cv-00124-JPB   Document 42   Filed 03/20/24   Page 8 of 9   PageID #: 397

genuine nexus between a plaintiff's injury and a defendant's alleged illegal conduct". **Friends of the Earth,** 204 F.3d at 161.

Article III standing also requires "a causal connection between the injury and the conduct complained of–the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." **Lujan**, 504 U.S. at 560–61. Supreme Court cases "have consistently spoken of the need to assert an injury that is the result of a statute's actual or threatened *enforcement*, whether today or in the future." **California v. Texas**, 593 U.S. 659, 670 (2021); see e.g., **Babbitt v. Farm Workers**, 442 U.S. 289, 298 (1979) ("A plaintiff who challenges a statute must demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement")); **Virginia v. American Booksellers Assn, Inc.**, 484 U.S. 383, 392 (1988) (requiring "threatened or actual injury resulting from the putatively illegal action.")). In the absence of current enforcement, a plaintiff claiming standing must show that the likelihood of future enforcement is "sufficiently imminent and substantial." **Susan B. Anthony List v. Driehaus**, 573 U.S. 149, 164 (2014); see also **Massachusetts v. Mellon**, 262 U.S. 447, 488 (1923) ("The party who invokes the power [of Article III courts] must be able to show, not only that the statute is invalid, but that he has sustained or is immediately in danger of sustaining some direct injury as the result of its enforcement.").

Plaintiffs fail to meet the traceability prong. Plaintiffs fail to allege any facts that SB 694 is being enforced against them. As noted above, plaintiffs put forth no allegations that their property was unitized after the effectiveness date of June 7, 2022, that the plaintiffs

were involuntarily placed into a unit, or that their royalties were diminished by the enactment of SB 694. Moreover, plaintiffs have not pointed to any way in which the Commission or the individual commission members is affecting their interests in any way or the likelihood of future enforcement is "sufficiently imminent and substantial." Notably, SB 694 went into effect on June 7, 2022, and plaintiffs still have not alleged or argued that the Commission has taken any action that affects plaintiffs interests in anyway or alleged any facts that show that future enforcement is "sufficiently imminent and substantial." Moreover, plaintiffs allegation that SB 694 may injure plaintiffs at some time in the future is not enough to find standing.

This Court will not address the redressability prong as it is clear plaintiffs do not have standing to bring their claims.

## CONCLUSION

Accordingly, the Amended Complaint [**Doc. 16**] is hereby **DISMISSED WITHOUT PREJUDICE** and the Clerk is directed to **STRIKE** this matter from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: March 20, 2024.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE